# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRUCE C. MARSHALL, | DOCKET NUMBER |
|        Appellant, | AT-0752-18-0096-X-1 |
|      v. | |
| DEPARTMENT OF VETERANS | DATE: May 31, 2023 |
|    AFFAIRS, | |
|        Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bruce C. Marshall</u>, Cordova, Tennessee, pro se.

<u>W. Robert Boulware</u>, Montgomery, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1        On September 6, 2019, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and finding the agency not in compliance with the Board's October 12, 2018 final decision in the underlying appeal. *Marshall v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-18-0096-C-1, Compliance File (CF), Tab 16, Compliance Initial Decision (CID); *Marshall v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-18-0096-I-1, Initial Appeal File, Tab 24, Initial Decision (ID).  For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2        On September 27, 2017, the appellant appealed to the Board, alleging that his January 3, 2017 retirement from the agency was involuntary due to material misinformation provided to him by the agency.  IAF, Tab 1, Tab 5 at 4.  On October 12, 2018, the administrative judge issued an initial decision finding that the agency constructively removed the appellant and reversed the agency's action. ID.  The administrative judge ordered the agency to cancel the appellant's retirement and retroactively restore him, effective January 3, 2017; and to pay the appellant the appropriate amount of back pay, with interest, as well as adjust the appellant's benefits with appropriate credits and deductions.  ID at 8-9.  That initial decision became the final decision of the Board on November 16, 2018, after neither party petitioned the full Board for review.  ID at 10-11.

¶3        On January 31, 2019, the appellant filed a petition for enforcement of the Board's order, alleging that, upon restoration, the agency placed him in a secretary position, which was not the position he previously held when employed by the agency.  CF, Tab 1 at 2-3.  The appellant further alleged that the agency had failed to provide him with the required back pay, interest, and benefits. *Id*.  On September 6, 2019, the administrative judge issued a compliance initial

decision granting the petition for enforcement because the agency failed to prove that the position to which it assigned the appellant was sufficient to restore his employment to the status quo ante and failed to demonstrate it had paid the appellant his back pay, interest, and benefits.  CID at 4.  The administrative judge ordered the agency to:  (1) explain why the appellant's new position was correct, including in its response a detailed narrative explaining the process it used to determine the appropriate position for the appellant; (2) pay the appellant the appropriate amount of back pay and interest, or, if the agency was waiting on the Defense Finance Accounting Service (DFAS) to determine the amount of back pay owed, explain its efforts thus far to calculate the back pay owed to the appellant; and (3) submit the name, title, grade, and address of the agency official charged with complying with the Board's order.  CID at 4-6.

¶4        On September 13, 2019, the agency filed a statement of compliance pursuant to 5 C.F.R. § 1201.183(a)(6)(i) providing the identity of the agency official charged with compliance.  *Marshall v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-18-0096-X-1, Compliance Referral File (CRF), Tab 1.  On September 26, 2019, the agency submitted an additional pleading stating that the appellant had been transferred to a Human Resources Assistant position and that the agency understood the appellant to be satisfied with the new position.  CRF, Tab 2 at 4.  The agency further explained that it was waiting for DFAS to finish processing its request for the appellant's back pay and interest for the year 2017 and included a summary of its efforts to have DFAS complete the process.  *Id.* at 4-5.  The agency also noted that DFAS had processed the appellant's back pay and interest for 2018 but did not provide any evidence as to whether these funds had yet been paid to the appellant.  *Id.*

¶5        On July 30, 2020, the Clerk of the Board issued an order stating that, since the agency's September 26, 2019 submission, neither party had yet to make any further submission regarding compliance.  CRF, Tab 4 at 2-3.  The Clerk of the Board directed the agency to submit a statement explaining whether it had paid

the appellant all back pay and interest owed, including in its submission a full accounting of the funds, along with a narrative explanation of the methodology used to determine the amount of back pay and interest. *Id*. The Clerk of the Board's order further directed the agency to include in its statement a narrative explanation as to why the appellant's new position constitutes restoration in compliance with the Board's order. *Id*.

¶6 On August 20, 2020, the agency responded to the Clerk of the Board's July 30, 2020 order. CRF, Tab 5. The agency stated that the appellant had been paid all back pay owed to him. *Id*. at 4. The agency also reasserted that the appellant had been reassigned to a Human Resources Services position effective June 24, 2019, and it was the agency's understanding that the appellant was satisfied in the new position. *Id*.

¶7 On April 21, 2021, the Clerk of the Board issued an order stating that, since the agency's August 20, 2020 submission, the appellant had not filed any response indicating whether he agreed with the agency's statements regarding compliance. CRF, Tab 6 at 2. The Clerk of the Board directed the appellant to file a response within 21 days of the date of the order explaining whether he agreed with the agency's assertion that it was in full compliance. *Id*. The Clerk of the Board further stated that, if the appellant did not respond within the 21-day period, the Board would presume the appellant was satisfied and dismiss the petition for enforcement. *Id*. The appellant did not respond to the April 21, 2021 order.

## ANALYSIS

¶8 When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of

compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶9 The agency's outstanding compliance issues were its obligations to: (1) restore the appellant, effective January 3, 2017; and (2) pay the appellant the appropriate amount of back pay, with interest, and adjust the appellant's benefits with appropriate credits and deductions. On September 26, 2019, and August 20, 2020, the agency informed the Board that it had restored the appellant to a position he considered satisfactory and paid him all back pay and benefits owed. CRF, Tab 2 at 4-5, Tab 5 at 4. The appellant was provided two opportunities to respond to the agency's assertions of compliance, but did not respond on either occasion. Accordingly, we assume he is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶10 Given the agency's assertions that it has fully restored the appellant and provided him with all back pay and benefits owed and appellant's failure to respond, we find that the agency is now in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(b) (5 C.F.R. § 1201.183(b)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If

you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. <u>5 U.S.C. § 7702</u>(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.